COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DON T. TRYON, | § | |
| | | No. 08-10-00099-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 371st District Court |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC# 0952170D) |
| | § | |

**MEMORANDUM OPINION**

Appellant, Don Tryon, was indicted for the second-degree felony offense of possession of a controlled substance (cocaine) in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2010). Pursuant to a plea-bargain with the State, Appellant pled guilty, and the trial court deferred a finding of guilt, placing Appellant on deferred adjudication for four years. Subsequently, the State moved to proceed to adjudication, alleging Appellant violated multiple conditions of his supervision. Appellant pled true to those violations, and the trial court revoked his deferred adjudication, adjudicated him guilty, and sentenced him to ten years' imprisonment. Appellant then filed a notice of appeal.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds for reversal. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d

553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his right to examine the appellate record and file a *pro se* brief. However, no *pro se* brief has been filed.

We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly frivolous and without merit. Appellate review of an order revoking deferred adjudication is limited to simply whether the trial court abused its discretion by finding, based on a preponderance-of-the-evidence standard, that Appellant violated a term or condition of his deferred adjudication. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A plea of true, standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Here, Appellant knowingly and voluntarily pled true to each condition that the State alleged was violated. Therefore, Appellant's pleas of true are sufficient to support each of the grounds for the trial court's revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Further, the punishment assessed was within the range prescribed by law. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d); TEX. PENAL CODE ANN. § 12.33 (Vernon 2003). Thus, we find nothing in the record that might arguably support the appeal.

Accordingly, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

January 26, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)